**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

FREDDIE DEMOND HEARD,              \*

                                   \*

      Petitioner,               \*

                                   \*

vs.                              \* CIVIL ACTION NO. 15-00462-WS-B

                                   \*

CARTER DAVENPORT,               \*

                                   \*

      Respondent.            \*

<u>**REPORT AND RECOMMENDATION**</u>

Petitioner Freddie Demond Heard, a state prisoner presently in the custody of Respondent, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254. Heard challenges the validity of his 2010 convictions and sentences for enticing a child and first-degree sexual abuse in the Circuit Court of Mobile County, Alabama. (Doc. 1). The case is now before the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B), S.D. Ala. GenLR 72(a)(2)(R), and Rule 8 of the Rules Governing Section 2254 Cases. Following a thorough review of the petition and record, the undersigned finds that an evidentiary hearing is not warranted on the issues.[1]

---

[1] Because Heard filed his federal habeas petition after April 24, 1996, this case is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA). "AEDPA expressly limits the extent to hearings are permissible, not merely the extent to which they are required." *Kelley v. Sec'y for the Dep't of Corr.*, 377 F.3d 1317, 1337 (11th Cir. 2004). Heard has failed to establish that an evidentiary hearing is warranted in this case. *Birt v.*

Having carefully considered Heard's petition (Doc. 1), Respondent's opposition (Doc. 14), and Heard's response (Doc. 17), the undersigned finds that Heard's petition is due to be **DENIED** and that judgment be entered in favor of Respondent and against Petitioner, Freddie Demond Heard.[2]  Additionally, it is recommended that, should Heard file a certificate of appealability, it should be denied, along with any request to appeal *in forma pauperis*.

## I.   Procedural and Factual Background.

On March 1, 2010, Freddie Demond Heard, in exchange for the dismissal of four associated cases,[3] waived his right to a jury trial and entered a blind plea of guilty to one count of enticing a child (CC-08-3504), in violation of §13A-6-69, and one count of first degree sexual abuse (CC-08-3505), in violation of § 13A-6-69.1(a), as charged in the indictments against him. (*See* Doc. 14-1 at 8, 16, 19-20).  At a sentencing hearing held on May 6, 2010, Heard was sentenced to ten (10) years in the state penitentiary for enticing a child and a

---

*Montgomery*, 725 F.2d 587, 591 (11th Cir. 1984) (en banc) ("The burden is on the petitioner . . . to establish the need for an evidentiary hearing.").

[2] In light of the Court's recommendation that Heard's petition be denied, the undersigned **DENIES as moot** Heard's Motion for status. (Doc. 32). Further, the undersigned **DENIES** Heard's Motion requesting guidance on his annual review by the Alabama Department of Corrections. (Doc. 31).

[3] In exchange for Heard's plea of guilty to CC-08-3504 and CC-08-3505, the State moved to dismiss, and the trial court *nolle prossed*, related cases CC-08-3506, CC-08-3507, CC-08-3508, and CC-08-3509 (further charges of violations of §§ 13A-6-69 and 13A-6-69.1). (Doc. 14-3 at 13).

consecutive 20 (twenty) year prison term for first degree sexual abuse. (Doc. 14-1 at 9, 17).

Following his sentencing, Heard gave oral notice of appeal, and was appointed new counsel to handle his appeal. (Doc. 14-2 at 39). On May 28, 2010, Heard's appellate counsel filed a Motion for a New Trial and to Withdraw Plea of Guilty.[4] (*Id.* at 58-64). He argued that Heard was advised by his trial attorney that if he pleaded guilty to the two charges, the state would dismiss the four additional charges against him, and "the Court would likely sentence [] him to 15 years, with 5 years to serve, with the balance on probation. Defendant was also informed that he would be required to register as a sex offender." (*Id.*). The motion further alleged that Heard would not have entered a guilty plea to the charges if he had known the trial court would not impose the 15-year split sentence discussed with his counsel. (*Id.* at 61). On July 5, 2010, Heard's requests for a new trial were denied by operation of law.[5] (*Id.* at 68, 72).

---

[4] Heard's trial counsel also filed a Motion to Set Aside Guilty Plea on June 4, 2010. He argued that Heard's guilty plea should be set aside based on the variance between the sentence imposed and the one represented by his counsel. (Doc. 14-1 at 58-62).

[5] Rule 24.4 of the Alabama Rules of Criminal Procedure requires that a motion for new trial shall not remain pending for more than sixty (60) days after the pronouncement of sentence unless by agreement of the parties. Ala. R. Crim. P. 24.4. Additionally, the parties' express consent to the continuance "shall appear in the record." (*Id.*).

The evidentiary hearing on Heard's motion for a new trial was continued to July 23, 2010. Because the new hearing date was outside the 60-day window allowed by the above-referenced statute, the Court of Criminal Appeals

On direct appeal, Heard's appellate counsel filed a "no-merit" brief, pursuant to *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967). In the brief, he noted no arguable reversible error and asserted that Heard timely filed a motion to set aside his guilty plea and was denied a hearing on the motion through no fault of his own.  (Doc. 14-3).  After the filing of the *Anders* brief by Heard's appellate counsel, Heard filed a *pro se* motion to voluntarily dismiss his appellate appeal so that he could pursue relief through a post-conviction Rule 32 petition (Doc. 14-4 at 1-2). Accordingly, a certificate of judgment was entered on October 28, 2010.  (Doc. 14-6).

On April 15, 2011, Heard filed a post-conviction Rule 32 petition with the Circuit Court of Mobile County. (Doc. 14-7 at 24-36, 53, 81). He asserted:

> 1) that he received ineffective assistance of counsel because trial counsel misrepresented the sentence to be imposed (doc. 14-7 at 32),
>
> 2) that his guilty plea was involuntary because the trial court incorrectly advised him of the applicable sentence range for first degree sexual abuse (*id*. at 33),

---

ordered the trial court to provide sufficient documentation to establish that the post-trial motion had been continued to July 23, 2010, in compliance with Rule 24.4.  (Doc. 14-1 at 65).  In response, the trial court explained that while the parties' consented to the continuance, the trial court "inadvertently left off an indication [on the front of the file copy of the motion] that the setting was by agreement of the parties." (*Id*. at 66).

Upon review, the Court of Criminal Appeals entered an order on August 16, 2010, finding that Heard's motion to withdraw guilty plea was denied by operation of law, and as a result, the trial court was without jurisdiction to hold an evidentiary hearing on the motion. (*Id*. at 68).

3) that the sentences imposed exceeded the maximum terms statutorily authorized at the time the offenses were committed (*id.* at 53),

4) that the trial court was without jurisdiction to render judgment or impose the sentences (*id.* at 81),

5) that the trial court was without jurisdiction to render the judgment or sentence him because his indictment for sexual abuse first degree failed to allege the date of the offense (Doc. 14-9 at 24-32), and

6) the trial court lacked jurisdiction to render judgment or impose sentences for the charge of enticement of a child due to the doctrine of collateral estoppel (*id.* at 32-36).

On February 6, 2013, the Circuit Court summarily denied Heard's petition, finding, *inter alia*, that he did not meet the *Strickland* standard for ineffective assistance of counsel, that he was properly adjudged guilty pursuant to the statutes in effect at the time the offenses were committed, that he was sentenced within the statutory range authorized by law at the time the offenses were committed, that the challenge to the indictment was procedurally defaulted as the issue was raised and addressed at trial and could have been, but was not, raised on direct appeal, and his collateral estoppel claim was inapplicable to the case and without merit, as no relitigation of the same issues between the same parties had occurred in the case. (Doc. 14-13 at 5-17, 20).

Heard appealed the Circuit Court's decision and asserted the following claims:

1) his guilty pleas were involuntary because the trial court incorrectly advised him of the applicable sentencing range (doc 14-14 at 19);

2) the trial court lacked jurisdiction to render judgment or sentence him because he was prosecuted pursuant to statutes enacted after the time the offense(s) occurred (*id.*);

3) the trial court erred by failing to hold an evidentiary hearing on the claims raised in his Rule 32 petition (doc. 14-14 at 21); and presented, for the first time,

4) "there existed a plea agreement" regarding the sentence to be imposed in exchange for Heard's agreement to plead guilty to two cases (doc. 14-14 at -58).

The Alabama Court of Criminal Appeals issued an unpublished memorandum opinion on April 10, 2015. The appeals court determined that Heard had abandoned some of the claims he previously raised in the Circuit Court.[6] The Court also affirmed the trial court's dismissal of Heard's petition on the claims presented. (Doc. 14-16). On June 5, 2015, the appellate court overruled Heard's application for rehearing. (Doc. 14-18).

Heard filed a petition for writ of certiorari with the Supreme Court of Alabama, and asserted only two claims:

1) that the state courts erred in failing to grant an evidentiary hearing on his Rule 32 petition; and

---

[6] Additionally, the appeals court found that Heard's claims that were predicated on the existence of an alleged plea agreement whereby Heard would plead guilty only to offenses that occurred prior to June 1, 2006 were not asserted below; thus, they were not preserved for appellate review. (Doc. 14-16 at 3).

2)   that the state courts erred in finding he "was properly sentenced under the statutes in effect at the time he committed his offenses."[7]  (Doc. 14-19 at 2-14).

Heard's petition was denied and a certificate of judgment was issued on August 7, 2015.  (Doc. 14-20).

## II.  Claims for Relief.

In the instant federal habeas petition, Heard raises six claims for relief, pursuant to the Due Process protections of the Sixth and Fourteenth Amendments.  Heard contends that:

1)   his pleas of guilty were unknowingly and involuntarily entered and he received ineffective assistance of counsel;

2)   the trial court incorrectly advised him of the sentencing range when accepting his guilty plea;

3)   the sentences imposed by the trial court are greater than the statutory maximum in violation of due process protections;

4)   the trial court was without jurisdiction to render the convictions and sentences;

5)   the state lacked authority and jurisdiction to prosecute, adjudicate, and sentence him pursuant to a vague and illegal indictment and the trial court lacked jurisdiction to accept the guilty plea, to convict, or sentence Heard for sexual abuse first

---

[7] After careful and comparative reviews of all of Heard's petitions, the undersigned finds that this claim in Heard's petition to the Alabama Supreme Court arguably includes Claims 2 and 4 which Heard has raised in his instant federal habeas petition.  Given that both Claims 2 and 4 were arguably presented to the lower state courts and that the Respondent has not specifically asserted that these claims are procedurally barred, the Court will treat Claims 2 and 4 in Heard's *pro se* petition as exhausted. *Fernandez v. United States*, 941 F.2d 1488, 1491 (11th Cir. 1991) (noting that *pro se* pleadings must be read liberally to determine "whether jurisdiction to consider[them] can be founded on a legally justifiable base.").

degree based on the doctrine of collateral estoppel; and

6)   the denial of an evidentiary hearing violated his due process rights. (Doc. 1 at 7-9, 39).

Respondent contends that these claims are procedurally barred or provide no basis for habeas relief.  (Doc. 14 at 8-16).

## III. Discussion.

### a. Procedural Default Doctrine.

This Court's review of Heard's claims is governed by AEDPA. Under AEDPA, "the role of the federal court . . . is strictly limited." *Jones v. Walker*, 496 F.3d 1216, 1226 (11th Cir. 2007).  Section 2254 generally requires petitioners to exhaust all available state-law remedies.  In that regard, "[a] petitioner must alert state courts to any federal claims to allow the state courts an opportunity to review and correct the claimed violations of his federal rights." *Lamarca v. Sec'y, Dep't of Corrs.*, 568 F.3d 929, 936 (11th Cir. 2009).  The exhaustion doctrine is grounded in principles of comity, *Rose v. Lundy*, 455 U.S. 509, 518, 71 L. Ed. 2d 379, 102 S. Ct. 1198 (1982), and is designed to give the state courts a full and fair opportunity to resolve federal claims before those claims are presented to the federal courts. *Castille v. Peoples*, 489 U.S. 346, 351, 109 S. Ct. 1056, 103 L. Ed. 2d 380 (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971).

> State courts, like federal courts, are obliged to
> enforce federal law. Comity thus dictates that when a
> prisoner alleges that his continued confinement for a
> state court conviction violates federal law, the state
> courts should have the first opportunity to review
> this claim and provide any necessary relief. *Rose v.
> Lundy*, 455 U.S. 509, 515-516, 71 L. Ed. 2d 379, 102 S.
> Ct. 1198 (1982); *Darr v. Burford*, 339 U.S. 200, 204,
> 94 L. Ed. 761, 70 S. Ct. 587 (1950). This rule of
> comity reduces friction between the state and federal
> court systems by avoiding the "unseemliness" of a
> federal district court's overturning a state court
> conviction without the state courts having had an
> opportunity to correct the constitutional violation in
> the first instance. 339 U.S. at 204. *See also
> Duckworth v. Serrano*, 454 U.S. 1, 3-4, 70 L. Ed. 2d 1,
> 102 S. Ct. 18 (1981) (per curiam); *Rose v. Lundy*, 455
> U.S. at 515-516.

*O'Sullivan v. Boerckel*, 526 U.S. 838, 844-845, 119 S. Ct. 1728, 1732, 144 L. Ed. 2d 1, 9 (1999). When state remedies have not been exhausted as to federal claims, the habeas petition should be dismissed. *Castille*, 489 U.S. at 349.

In Claim 1, Heard asserts that he received ineffective assistance of counsel due to his trial counsel's failure to appear at arraignment [8] and because his trial counsel was "incompetent to the class of felony to be imposed and the range of punishment for petitioners [sic] guilty plea/plea agreement to the offense of Sexual Abuse In The First Degree committed before June 1, 2006." (Doc. 1 at 15-16). Neither of these arguments has been presented to the state courts in any post-

---

[8] While the record reflects that Heard's defense attorney was not present at the arraignment hearing on November 13, 2008, it also reflects that the Court appointed "stand in" counsel to advise and assist Heard at the hearing, and that Heard waived reading of the indictment and entered a plea of not guilty. (*Id.*).

conviction petition. Consequently, as Respondent maintains, these claims are indisputably unexhausted. *See* 28 U.S.C. §§ 2254(b)(1), (c).

"[T]o exhaust state remedies fully the petitioner must make the state court aware that the claims asserted present federal constitutional issues." *Lucas v. Sec'y, Dep't of Corrs.*, 682 F.3d 1342, 1352 (11th Cir. 2012) (citations omitted); *see also Williams v. Allen*, 542 F.3d 1326, 1345 (11th Cir. 2008) (noting that, to satisfy exhaustion requirement, "we do require that a petitioner presented his claims to the state court such that a reasonable reader would understand each claim's ... specific factual foundation") (citation omitted). It is not sufficient "that a somewhat similar state-law claim was made." *Kelley,* 377 F.3d at 1344-45. What is necessary is that "the petitioner must fairly present every issue raised in his federal petition to the state's highest court, either on direct appeal or on collateral review." *Powell v. Allen*, 602 F.3d 1263, 1269 (11th Cir. 2010) (citation and internal marks omitted). That said, "habeas petitioners are permitted to clarify the arguments presented to the state courts on federal collateral review provided that those arguments remain unchanged in substance." *Kelley*, 377 F.3d at 1344. Such clarifications cannot alter the nature or legal theory of the claim. *See, e.g., Pietri v. Fla. Dep't of Corrs.*, 641 F.3d 1276, 1289 (11th Cir. 2011) (affirming dismissal of

unexhausted claim of ineffectiveness of appellate counsel, which was separate and distinct from substantive claim that petitioner had raised in state court).

The remaining grounds presented in Claim 1 and those in Claim 3 and Claim 5[9] are also unexhausted.  While Heard presented each of these claims to the trial court in his Rule 32 petition (*see* doc. 14-7 at 25, 32-33, 41), the record reflects that he failed to raise them in his petition to the Alabama Court of Criminal Appeals.[10]  *See Hunt v. Comm'r, Ala. Dep't of Corrs.*, 666

---

[9]    In addition to being unexhausted, Heard's Claim 5, which challenges the sex abuse indictment, is also procedurally barred based on independent state law.  The Circuit Court of Mobile County was the last state court to be presented with the claim and to rule on the matter.  In its summary dismissal of the claim, the court held, "[t]his claim is precluded because it was raised and addressed at trial and could have been, but was not, raised and addressed on appeal." (Doc. 14-13 at 15).

In *Coleman v. Thompson*, 501 U.S. 722, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991), the Supreme Court stated that it would "not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Id.* at 729.  This rule applies whether the state law ground is procedural or substantive.  *Id.*  The doctrine applies to bar federal habeas review when a state court declines to address a petitioner's federal claims because the petitioner fails to meet a state procedural requirement. *Id.* at 729-730; *see also Wainwright v. Sykes*, 433 U.S. 72, 97 S. Ct. 2497, 53 L. Ed. 2d 594 (1977) (federal courts must honor legitimate state trial and appellate procedural rules when enforced by state courts and must decline to review on the merits claims that the state treats as barred absent a showing of cause for non-compliance with such rules and resulting prejudice); *Alderman v. Zant*, 22 F.3d 1541, 1549 (11th Cir.) ("Pursuant to the doctrine of procedural default, a state prisoner seeking federal habeas corpus relief, who fails to raise his federal constitution[al] claim in state court, or who attempts to raise it in a manner not permitted by state procedural rules is barred from pursuing the same claim in federal court absent a showing of cause for and actual prejudice from the default."), *cert. denied sub nom. Alderman v. Thomas*, 513 U.S. 1061, 115 S. Ct. 673, 130 L. Ed. 2d 606 (1994). "In these cases, the state judgment rests on independent and adequate state procedural grounds." *Coleman*, 501 U.S. at 730, 111 S. Ct. at 2554 (citations omitted).

[10] In the appeal of his Rule 32 petition, Heard, in one sentence throughout the effusive narrative petition, states, "the question now is whether Heard

F.3d 708, 731 (11th Cir. 2012) (A federal claim is not exhausted unless it is "presented face-up and squarely," with the federal question "plainly defined" for the state court.)(citation omitted).  Additionally and importantly, Heard utterly failed to raise any of these claims to the Alabama Supreme Court in his petition for writ of certiorari.  *O'Sullivan*, 526 U.S. at 846-47 (Petitioners are required to present their claims to the state supreme court for discretionary review to comply with the doctrine of exhaustion, and failure to present claims to the state supreme court in a timely fashion can result in procedural default of those claims); *Mancill v. Hall*, 545 F.3d 935, 939 (11th Cir. 2008) (explaining that the habeas exhaustion requirement "is not satisfied if the petitioner fails to present claims to the state's highest court," and that "[s]uch a failure to exhaust can result in a procedural default that bars a federal court from hearing that claim."); *Powell*, 602 F.3d at 1269 ("[T]he petitioner must fairly present every issue raised in his federal petition to the state's highest court, either on

---

was denied the effective assistance of counsel, mandated, by the Sixth (6th) Amendment to the United States Constitution and Article I, §6 to the Alabama Constitution."  (Doc. 14-14 at 18).  However, following this question, Heard forsakes the issue by failing to identify a single fact or argument connected to the claim; consequently, this claim was not fairly presented to the appellate court and was not considered by the court in its review.  (*See* Doc. 14-16); *see also Kelly*, 377 F.3d at 1345 ("The exhaustion doctrine requires a habeas applicant to do more than scatter some makeshift needles in the haystack of the state court record.  The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined.") (citation omitted).

direct appeal or on collateral review.") (citation and internal marks omitted)).

Therefore, this Court cannot find that Heard "fairly presented" Claims 1, 3, and 5 throughout one complete round of Alabama's appellate review process and since the state court remedy is no longer available; his failure in this regard constitutes a procedural default. *Coleman*, 501 U.S. at 735 n.1, 111 S. Ct. at 2557 n.1 (citations omitted) ("If the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred . . . there is a procedural default for purposes of federal habeas."); *McNair v. Campbell,* 416 F.3d 1291, 1305-06 (11th Cir. 2005) ("It is well established that when a petitioner has failed to exhaust his claim by failing to fairly present it to the state courts and the state court remedy is no longer available, the failure also constitutes a procedural bar."); *O'Sullivan,* 526 U.S. at 848, 119 S. Ct. at 1734 (Where a petitioner has failed to properly exhaust his state court remedies, he has, therefore, procedurally defaulted his claims.); *Kelley,* 377 F.3d at 1344, 1351 ("Dismissing a mixed petition is of little utility [] when the claims raised for the first time at the federal level can no longer be litigated on the merits in state court because they are

procedurally barred. In such a case, requiring the petitioner to return to state court only to make a futile application for relief simply delays the federal courts' adjudication of his petition."). Thus, these claims are unexhausted and procedurally defaulted.

"[A] habeas petitioner may overcome a procedural default if he can show adequate cause and actual prejudice, or, alternatively, if the failure to consider the merits of his claim would result in a fundamental miscarriage of justice." *Borden v. Allen*, 646 F.3d 785, 808 n.26 (11th Cir. 2011); *see also Conner v. Hall*, 645 F.3d 1277, 1287 (11th Cir. 2011) (noting that, to overcome procedural default, petitioner must "show cause for the failure to properly present the claim and actual prejudice, or that the failure to consider the claim would result in a fundamental miscarriage of justice"). Heard, however, has failed to demonstrate, or even argue, cause and prejudice for his failure to "fairly present" the foregoing claims of involuntary guilty plea and ineffective assistance of trial counsel throughout one full round of Alabama's appellate review process; therefore, the Court finds that the cause and prejudice exception to the procedural default doctrine is not applicable in this case.[11] *See Macklin v. Singletary*, 24 F.3d

_____

[11] The fundamental miscarriage of justice/actual innocence exception does not apply in this case because Heard has not satisfied the standard set forth in *Murray v. Carrier*, 477 U.S. 478, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986).

1307, 1313 (11th Cir. 1994) (in abuse of the writ case, appellate court suggests that habeas courts need perform no analysis when the petitioner fails to argue an exception to application of the doctrine), *cert. denied*, 513 U.S. 1160, 115 S. Ct. 1122, 130 L. Ed. 2d 1085 (1995).  As such, the undersigned is precluded from considering Heard's claims presented in Claim 1, Claim 3, and Claim 5 of his federal habeas petition.[12]

### b. Merits Review.

In accordance with ADEPA, a petitioner is entitled to habeas corpus relief "on any claim adjudicated on the merits in state court if that adjudication resulted in a decision that was

That standard requires Heard to show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Id.* at 496, 106 S. Ct. at 2649-2650.  To be credible, a claim of actual innocence "requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup v. Delo,* 513 U.S. 298, 324, 115 S. Ct. 851, 865, 130 L. Ed. 2d 808 (1995); *see also id.* at 327, 115 S. Ct. at 867 ("To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.").  "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States,* 523 U.S. 614, 623, 118 S. Ct. 1604, 1611, 140 L. Ed. 2d 828 (1998) (citation omitted).  Heard has never asserted his innocence nor has he come forward with any new reliable evidence that establishes his actual factual innocence for the sexual abuse of a minor charges for which he was convicted on March 1, 2010.  Accordingly, this case is not one of those rare cases in which the actual innocence exception is applicable.

[12] In the alternative to being procedurally defaulted, these claims are meritless and should be denied.  The record evidence fails to establish the elements of deficient performance and prejudice essential to the *Strickland* standard as discussed by the circuit court in its denial of Heard's Rule 32 petition.  (*See* Doc. 14-13 at 8-10).  Additionally, Claims 3 and 5 are intertwined factually with Claims 2 and 4.  Consequently, these claims would be found meritless and denied by this court for the same analysis and reasoning set out below in Section III., b.

contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." *Cox v. McNeil,* 638 F.3d 1356, 1360 (11th Cir.) (citing 28 U.S.C. § 2254(d)(1)), *cert. denied sub nom. Cox v. Tucker,* 556 U.S. 906, 132 S. Ct. 309, 181 L.Ed.2d 189 (2011). Specifically, § 2254 provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim - -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of facts in light of the evidence presented in the State court proceeding.
>
> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254.

Thus, a federal court may grant habeas relief only if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the way the United

States Supreme Court did on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 404-405, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000); *Price v. Vincent*, 538 U.S. 634, 641, 123 S. Ct. 1848, 155 L. Ed. 2d 877 (2003)(a federal court will disturb a state habeas court's decision on the merits only if the petitioner shows that the decision was contrary to, or involved an unreasonable application of, clearly established constitutional law as determined by the United States or if the decision rested upon an unreasonable factual determination.).  "[A] state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103, 131 S. Ct. 770, 786-87, 178 L. Ed. 2d 624 (2011).  In other words, "if some fair-minded jurists could agree with the state court's decision, although others might disagree, federal habeas relief must be denied. . . [T]he deference due is heavy and purposely presents a daunting hurdle for a habeas petitioner to clear." *Loggins v. Thomas*, 654 F.3d 1204, 1220 (11th Cir. 2011); *see also Greene v. Fisher*, 565 U.S. 34, 132 S. Ct. 38, 181 L. Ed. 2d 336 (2011) (AEDPA standard is purposely onerous because "federal habeas relief functions as a guard against extreme malfunctions in the state criminal

justice system, and not as a means of error correction") (citations and internal quotation marks omitted); *Cullen v. Pinholster*, 563 U.S. 170, 181, 131 S. Ct. 1388, 1398, 179 L. Ed. 2d 557 (2011) (AEDPA standard "is a difficult to meet ... and highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt")(citations and internal quotation marks omitted).[13]

In this case, Claims 2 and 4 have previously been reviewed and denied by the state courts. Consequently, this Court will grant habeas relief only if the state court's decision was contrary to, or involved an unreasonable application of, clearly established constitutional law as determined by the United States or if the decision rested upon an unreasonable factual determination. 28 U.S.C. § 2254(d)(1)-(2).

As previously mentioned, in Claim 2 of the petition, Heard asserts that when accepting his guilty plea, the trial court incorrectly advised him on the range of punishment for sexual abuse first degree in violation of his right to due process.[14]

---

[13] The Court takes great care to abide by the stricture that "[a] federal court may not grant habeas relief on a claim a state court has rejected on the merits simply because the state court held a view different from its own." *Hill v. Humphrey*, 662 F.3d 1335, 1355 (11th Cir. 2011); *see also Reese v. Sec'y, Fla. Dep't of Corr.*, 675 F.3d 1277, 1286, 2012 U.S. App. LEXIS 6501 (11th Cir. 2012) ("This inquiry is different from determining whether we would decide *de novo* that the petitioner's claim had merit.").

[14] The undersigned reviews this claim as it was previously presented in the state courts. To the extent that Heard raises, notably for the first time, that the sentencing range was misadvised because he pleaded guilty to sexual abuse offenses occurring *prior* to June 1, 2006 but was sentenced pursuant to

(Doc. 1 at 19).  With respect to this claim, the Alabama Court of Criminal Appeals, on collateral review, found as follows:

> Heard argues that sexual abuse of a child less than 12 years old is a Class B felony and that the trial court incorrectly advised him that the minimum sentence for this conviction would be 10 years in prison.  Although a Class B felony typically has an applicable sentencing range of "not more than 20 years or less than 2 years," § 13A-5-6(a)(2), Ala. Code 1975, sexual abuse of a child less than 12 years old is a "Class B felony criminal sex offense involving a child," which carries a minimum sentence of "not less than 10 years."  § 13A-5-6(a)(5), Ala. Code 1975.  As such, the trial court correctly advised Heard of the minimum sentence for this conviction.

(Doc. 14-16 at 3).  Based upon a review of the record, the undersigned finds that Heard's claim is without merit.

Certainly, knowledge of the applicable sentencing range prior to entering a plea of guilty is crucial to the voluntariness and legality of a guilty plea.  *United States v. Moriarty*, 429 F.3d 1012, 1019 (11th Cir. 2005) (explaining one of the "core objectives" of a plea colloquy is to ensure that the defendant is aware of the direct consequences of a guilty plea, including the possible sentence he faces); *United States v. Tyndale*, 209 F.3d 1292, 1295-96 (11th Cir. 2000) (error of not informing defendant of mandatory minimum sentence enhancement); *United States v. Bejarano*, 249 F.3d 1304, 307 (11th Cir. 2001) (error of not informing defendant of mandatory

---

statutes in effect *after* June 1, 2006 (doc. 1 at 20), this claim is unexhausted and procedurally barred from federal habeas review, as discussed above.  Alternatively, the claim is meritless for the reasons laid out under the court's analysis of Claim 4 in this report.

minimum term of supervised release); *United States v. Camacho*, 233 F.3d 1308, 1319 (11th Cir. 2000) (error of not informing defendant of the correct maximum sentence).   However, as determined by the appellate court, the record evidence supports a finding that Heard was in fact advised of the correct sentencing range.

In case number CC-08-3505, Heard was indicted for sexual abuse of a child "in violation of § 13A-6-69.1 of the Code of Alabama." (Doc. 14-1 at 20).  On March 1, 2010, Heard executed a standard "Explanation of Rights and Plea of Guilty" form indicating he wished to enter a plea of guilty in case number CC-08-3505 to the charge of "Sexual Abuse 1st", which is a Class B felony. The section of the form for "Class B felony" was circled, and it lists the penalty range as "not less than two (2) years and not more than twenty (20) years imprisonment in state penitentiary, and may include a fine not to exceed $10,000". (Doc. 14-1 at 23).

Section 13A-6-69.1 of the Alabama Code provides that sexual abuse of a child under 12 is a Class B felony. Under state law, Class B felonies are generally subject to a term of imprisonment between two and 20 years, *see* ALA. CODE § 13A-5-6(a)(2)(1975); however, the term of imprisonment for a *Class B felony sex offense involving a child under the age of 12*, to which Heard

pleaded guilty,[15] has an increased mandatory sentence of no less than 10 years pursuant to ALA. CODE § 13A-5-6(a)(5).[16]   This heightened sentence is listed on the bottom section of the Explanation of Rights and Plea of Guilty form that Heard executed; although, it is was not marked.  The form states:

> Enhanced Punishment for a Felony Criminal Sex Offense Involving a Child.  Sections 13A-5-6(a)(4) and (a)(5), Alabama Code 1975, provide for the enhancement of a punishment for a Class A or B felony criminal sex offense involving a child under the age of 12 or involving child pornography.  These Sections provide for the following punishment in such events: . . . for a Class B felony sex offense, not less than 10 years.

(Doc. 14-1 at 23).

As noted, although the section regarding the heightened sentence was not marked on the form, during Heard's guilty plea colloquy, the trial judge expressly advised him that the sentencing range for "Sex Abuse in the 1st Degree case" was "between 10 to 20 years" and that his sentences could run consecutively.  (Doc. 14-1 at 92-93).  The trial judge's statement was a correct application of the statutory law with respect to the appropriate sentencing range for a violation of § 13A-6-69.1, involving a child under the age of 12. (Doc. 14-1 at

---

[15] The evidence is clear that Heard's victim was under the age of 12 at the time of the offenses.  Notably, Heard has never denied or challenged the age of the victim, and in fact admitted that the victim was under 12 at the time of the sexual abuse when entering his plea of guilty.  (Doc. 14-1 at 95-101).

[16] This statute became effective October 1, 2005, *see* Acts 2005, 1st Sp. Sess., No. 05-301, and is currently codified at Ala. Code § 13A-5-6(a)(6). *See* Acts 2015, No. 15-185, § 2, Jan. 30, 2016.

92-93).   Accordingly,  the  undersigned  finds  that  Heard  has
failed to establish that the state court's decision was contrary
to, or involved an unreasonable application of federal law, or
that it resulted in a decision that was based on an unreasonable
determination of  the  facts  in  light  of  the  evidence  presented,
and it is recommended that this claim be denied.

In  Claim  4  of  the  petition,  as  discussed  above,  Heard
asserts that the trial court lacked jurisdiction to convict and
sentence him for sexual offenses that occurred *after* June 1,
2006,  because  he  pleaded  guilty  to  "those  offenses  committed
before  June  1,  2006."[17]   (Doc.  1  at  31-33).   In  its  previous
denial  of  the  claim,  the  Alabama  Court  of  Criminal  Appeals
stated:

> Heard  argues  that  the  case-action  summary  indicated
> that  his  enticement  offense  occurred  on  January  1,
> 2005,  and  that  his  sexual-abuse  offense  occurred  on
> May  7,  1997.   Heard  argues  that,  pursuant  to  the
> relevant  statutes  in  effect  at  the  time  of  the  dates
> alleged  by  Heard,  he  was  subject  to  a  maximum  term  of
> 5  years  in  prison  for  his  enticement  conviction,  and
> to  a  maximum  term  of  10  years  in  prison  for  his
> sexual-abuse  conviction.
>
> Effective  October  1,  2005,  the  maximum  sentence  of
> five  years  in  prison  was  removed  from  §  13A-6-69,  Ala.
> Code  1975,  and  the  offense  was  classified  as  a  Class  C
> felony.   Effective  July  1,  2006,  the  offense  of  sexual
> abuse  of  a  child  less  than  12  years  old  was  created

---

[17] Prior to June 1, 2006, first degree sexual abuse of a child under 12 was
contained in § 13A-6-66(a)(3) and was a Class C felony.  Effective July 1,
2006,  subsection  (a)(3)  was  removed  from  13A-6-66  and  §  13A-6-69.1  was
enacted.  *See* Act No. 2006-575, Ala. Acts 2006.  Additionally, 2005 Ala. Acts
301 amended § 13A-6-69, Enticement of a Child, to increase the criminal
penalty to a Class C felony.

and classified as a Class B felony.  As noted above, Heard pleaded guilty to allegations that he committed the offenses of enticement and sexual abuse of a child less than 12 years old well after the statutes' respective effective dates.  [As the state put forth evidence showing Heard's victim turned 12 years old on May 7, 2007.] As such, Heard was properly sentenced under the statutes in effect at the time he committed his offenses."

(Doc. 14-16 at 4).  Based on a thorough review of the record and Alabama's criminal statutes, the undersigned finds that the appellate court's decision was a reasonable application of federal law and was based on a reasonable determination of facts in light of the evidence presented in the State court proceeding.  Heard's contention that his guilty pleas did not include offenses committed after specific dates is refuted by the record.[18]

---

[18]   The foundation of Heard's claim is built on two arguments: (1) that the case action summary sheets specify offense dates of January 1, 2005 (CC-08-3504) and May 7, 1997 (CC-08-3505) for the cases to which he pleaded guilty (Doc. 14-7 at 2, 12), and 2) that the Explanation of Rights and Plea of Guilty form states the plea is being entered for offenses occurring before June 1, 2006.  (Doc. 1 at 32-33).

The record does contain two case action sheets that reflect offense dates of January 1, 2005 and May 7, 1997 respectively, and both dates predate the enactment date of the corresponding statute at issue.  (Doc. 14-7 at 2, 12), However, it is the information contained in the indictments that the State has the burden of proving at trial, and it is the indictments that notify parties of the specifics of the charges against them.  *See Apprendi v. New Jersey*, 530 U.S. 466, 510-511, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000) (The law requires the indictment to contain "an averment of every fact essential to the punishment sought to be inflicted.") (citation omitted).  Therefore, the Court looks to the allegations of the charging indictment to determine the elements to be proven, including an offense date if pertinent to the prosecution of the crime.

The undersigned notes that on the Explanation of Rights and Plea of Guilty forms, there is a single parenthetical expression located underneath the title of the form, which states, "(FOR OFFENSES COMMITTED BEFORE JUNE 1, 2006)." (Doc. 14-1 at 21, 23).  This time reference on the standard form

The record confirms Heard was indicted in CC-08-3504 for allegedly enticing or attempting to entice a child, "between May 1997 and December 2007[,]" to enter his room for the purpose of performing sexual act(s), and he was indicted in CC-08-3505 for sexual abuse of a child less than 12 in violation of § 13A-6-69.1. (Doc. 14-1 at 19).  In executing his Explanation of Rights and Plea of Guilty, Heard was made aware of and accepted the classification of the offenses as a Class C and Class B felony, respectively.  (*Id*. at 21, 23).  Likewise, the proffer of evidence by the state established that the sexual abuse and enticement offenses "occurred from the time [the victim] was about two up until December 2007, and it happened so many times she lost count."  (*Id*. at 96).  The state further established the victim's date of birth and confirmed that she was under the age of 12 at the times of the alleged abuse.[19]  (*Id*.).  After hearing the state's recitation of facts, Heard entered a plea of guilty to Enticing a Child and Sexual Abuse First Degree, and in so doing, he acknowledged and admitted guilt for the offenses

---

conflicts with the overwhelming record evidence, which solidly refutes any assertion that there was a misunderstanding or confusion relating to the charges, statutes, or applicable sentencing ranges.  As set forth above, at Heard's guilty plea hearing, the State proffered evidence establishing that the sexual abuse and enticement offenses occurred both before and after June 1, 2006, and the Court expressly notified Heard of the applicable sentencing guidelines. Given the totality of the record evidence, the undersigned finds no support for Heard's Claim 4.

[19] Also included in the state's proffer of evidence was the expected testimony of three other victims who also alleged that Heard sexually abused them while they were under the age of 12.  (Doc. 14-1 at 95-100).

described by the state.   (*Id.* at 100); *United States v. Saac,* 632 F.3d 1203, 1209 (11th Cir. 2011) (a guilty plea serves as an admission of all the elements of a formal criminal charge). Consequently, Heard pleaded guilty to offenses in violation of § 13A-6-69 which occurred throughout the time span indicated in the indictment - May 1997 through December 2007.   Therefore, the trial court had jurisdiction to adjudge Heard guilty for offenses that occurred *after October 1, 2005,* and sentence him for conviction of a Class C felony.

Correspondingly, the indictment for Sexual Abuse First Degree charged Heard in violation of § 13A-6-69.1. Despite the absence of an offense date from the indictment, Heard was reasonably placed on notice by the inclusion of § 13A-6-69.1 (in the indictment) that the state intended to prosecute him for offenses that occurred *after July 1, 2006*, the effective date of the statute. *United State v. McGarity,* 669 F.3d 1218, 1235 (11th Cir. 2012) (noting that courts "give the indictment a common sense construction, and its validity is to be determined by practical, not technical, considerations.") (citation omitted). As previously mentioned, the evidence put forth by the state revealed multiple acts of continuous sexual abuse to multiple victims.   The abuse was not limited to a single date; rather, it occurred over ten years, "up until December 2007."   (Doc. 14-1 at 96, 97).   Specifically, the evidence details Heard committed

several sexual abuse offenses in 2007. (*Id.* at 96-98). Therefore, Heard's admissions clearly involve violations of § 13A-6-69.1. As such, "'fairminded jurists' could easily agree with the state courts' determination or conclusion." *Barwick v. Sec'y, Fla. Dep't of Corr.*, 794 F.3d 1239, 1254 (11th Cir. 2015) (citation omitted). Thus, the undersigned finds the appellate court's decision was not contrary to, or an unreasonable application of clearly established federal law. Accordingly, it is recommended that this claim be denied.

   **c. Defect in Collateral Proceedings.**

   In Claim 6 of the petition, Heard alleges the state courts erred in failing to provide him an evidentiary hearing on his Rule 32 petition. This assertion is an attack on post-conviction proceedings, rather than Heard's conviction or sentence. Such collateral attacks do not provide a basis for habeas relief. *Carroll v. Sec'y, DOC*, 574 F.3d 1354, 1365 (11th Cir.), *cert. denied sub nom. Carroll v. McNeil*, 558 U.S. 995, 130 S. Ct. 500, 175 L.Ed.2d 355 (2009); *see also Alston v. Dep't of Corrs., State of Fla.*, 610 F.3d 1318, 1325 (11th Cir. 2010) ("Federal habeas relief is available to remedy defects in a defendant's conviction and sentence, but 'an alleged defect in a collateral proceeding does not state a basis for habeas relief.'"), *cert. denied sub nom. Alston v. McNeil*, 562 U.S. 1113, 131 S. Ct. 829, 178 L.Ed.2d 564 (2010); *see Staas v.*

*McDonough*, 2007 U.S. Dist. LEXIS 9127, 2007 WL 433462, *11 (M.D. Fla. Feb. 8, 2007) ("It is well established in the Eleventh Circuit that a federal court is not the appropriate forum for a prisoner who wishes to challenge the process afforded him in state collateral proceedings.").

> The reasoning behind this well-established principle is straightforward: a challenge to a state collateral proceeding does not undermine the legality of the detention or imprisonment-*i.e.*, the conviction itself-and thus habeas relief is not an appropriate remedy. Moreover, such challenges often involve claims under state law . . . which govern the availability of, and procedures attendant to, post-conviction proceedings . . . and "[a] state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved."

*Carroll*, *supra* (citations omitted); *see also Staas, supra*, at *11 (petitioner's claim that his right to due process was violated by virtue of the state courts' failure to hold an evidentiary hearing and provide rationale for the denial of collateral relief, as well as their failure to attach portions of the record conclusively refuting the claims raised in his collateral motions and petitions, failed to state a cognizable claim under § 2254).  Thus, Claim 6 does not provide a basis for habeas relief, and it is recommended that the claim be denied.

## IV. Certificate of Appealability.

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, "[t]he district court must issue or deny a certificate of

appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing 2254 Cases (December 1, 2009). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a habeas petition is dismissed on procedural grounds, without reaching the merits of any underlying constitutional claim, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000). Where a habeas petition is being denied on the merits, of an underlying constitutional claim, as in this case, a certificate of appealability should issue only when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*. ("To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot* [*v. Estelle*, 463 U.S. 880, 893, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983)], includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should

have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.") (internal quotation marks omitted); accord *Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003). In the instant action, Heard has failed to show that the state courts rendered decisions that were neither contrary to, nor an unreasonable applications of, clearly established federal law. *See* 28 U.S.C. § 2254(d)(1).

None of Heard's claims would warrant the issuance of a Certificate of Appealability in this case. For the reasons discussed above, Heard has not carried his burden of establishing the trial court lacked jurisdiction to accept his guilty plea or render sentence or imposed an illegal sentence. Specifically, Heard failed to show his guilty plea was for offenses occurring prior to June 1, 2006, or that the trial court failed to advise him of the correct sentencing ranges for the charged offenses. Accordingly, the Court finds that the decision of the Alabama Court of Criminal Appeals was a reasonable determination of the facts in light of the evidence presented. *See* 28 U.S.C. § 2254(d)(2). Under the circumstances, reasonable jurists could not debate whether any of his claims should be resolved in a different manner or were adequate to deserve encouragement to proceed further on the merits. The recommendation that these claims be denied is based

on the straightforward application of clear Circuit precedent, and no reasonable jurist could differ on the appropriate disposition of the claims on the record presented. It is thus recommended that the Court deny any request for a Certificate of Appealability.

## I.   Conclusion.

Based on the foregoing, it is the recommendation of the undersigned Magistrate Judge that Heard's petition for habeas corpus relief be **DENIED**, that this action be dismissed, and that judgment be entered in favor of the Respondent, and against the Petitioner, Freddie Demond Heard. It is further recommended that any motion for a Certificate of Appealability or for permission to appeal *in forma pauperis* be denied.

### <u>Notice of Right to File Objections</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. ALA GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. §

636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing done by the Magistrate Judge is not specific.

**DONE** this **12th** day of **July, 2018.**

> **/s/ SONJA F. BIVINS**
> **UNITED STATES MAGISTRATE JUDGE**

31